**Stephen H. Buckley**, OSB #801786
sbuckley@brownsteinrask.com
**Cary R. Cadonau**, OSB #002245
ccadonau@brownsteinrask.com
BROWNSTEIN RASK LLP
1200 S.W. Main Street
Portland, Oregon 97205
Telephone: (503) 221-1772
Fax: (503) 221-1074
        Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON, PORTLAND DIVISION

TRUSTEES OF THE PLUMBERS AND
PIPEFITTERS NATIONAL PENSION FUND,
TRUSTEES OF THE U.A. UNION LOCAL NO.
290 PLUMBER, STEAMFITTER AND
SHIPFITTER INDUSTRY PENSION TRUST,
TRUSTEES OF THE U.A. UNION LOCAL NO.
290 PLUMBER, STEAMFITTER AND
SHIPFITTER INDUSTRY HEALTH AND
WELFARE TRUST, TRUSTEES OF THE U.A.
UNION LOCAL NO. 290 PLUMBER,
STEAMFITTER AND SHIPFITTER INDUSTRY
RETIREE HEALTH TRUST, TRUSTEES OF THE
UNITED ASSOCIATION LOCAL NO. 290
APPRENTICESHIP AND JOURNEYMEN
TRAINING TRUST FUND, TRUSTEES OF THE
INTERNATIONAL TRAINING FUND,
TRUSTEES OF THE U.A. UNION LOCAL NO.
290 PLUMBER, STEAMFITTER AND
SHIPFITTER INDUSTRY VACATION,
SCHOLARSHIP AND EDUCATIONAL
REIMBURSEMENT TRUST, TRUSTEES OF THE
PLUMBING AND PIPING MANAGEMENT
TRUST FUND, TRUSTEES OF THE U.A. UNION
LOCAL NO. 290 PLUMBER, STEAMFITTER
AND SHIPFITTER INDUSTRY LABOR
MANAGEMENT COOPERATION TRUST and

Civil No. _____

**COMPLAINT** (Breach of Collective
Bargaining Agreement and Violation of
ERISA)

Page 1 – **COMPLAINT**

BROWNSTEIN RASK LLP
1200 SW Main St., Portland, OR 97205
503.221.1772 tel  |  503.221.1074 fax

PLUMBERS, STEAMFITTERS AND MARINE
FITTERS LOCAL NO. 290,

                    Plaintiffs,

     v.

BMWC CONSTRUCTORS, INC.,

                    Defendant.

_____

Plaintiffs allege:

# I

## <u>THE PARTIES</u>

1.      Plaintiffs are the Trustees of the Plumbers and Pipefitters National Pension Fund ("National Pension Fund"), the U.A. Union Local No. 290 Plumber, Steamfitter and Shipfitter Industry Pension Trust ("Local Pension Fund"), the United Association Union Local No. 290 Plumber, Steamfitter and Shipfitter Industry 401(k) Plan and Trust ("401(k) Fund"), the U.A. Union Local No. 290 Plumber, Steamfitter and Shipfitter Industry Health and Welfare Trust ("Health Fund"), the U.A. Union Local No. 290 the U.A. Union Local No. 290 Plumber, Steamfitter & Shipfitter Industry Retiree Health Trust ("Retiree Health Fund"), the United Association Local 290 Apprenticeship and Journeymen Training Trust Fund ("Local Training Fund"), the International Training Fund ("ITF"), the U.A. Union Local No. 290 Plumber, Steamfitter and Shipfitter Industry Vacation, Scholarship and Educational Reimbursement Trust ("VSE Fund"), the U.A. Union Local No. 290 Plumber, Steamfitter and Shipfitter Industry Labor Management Cooperation Trust ("LMCT"), the Plumbing and Piping Management Trust Fund ("Management Fund") (collectively, "Trust Funds") and Plumbers, Steamfitters and Marine Fitters Local No. 290 (the "Union").

Page 2 – **COMPLAINT**

BROWNSTEIN RASK LLP
1200 SW Main St., Portland, OR 97205
503.221.1772 tel | 503.221.1074 fax

2.      The National Pension Fund, Local Pension Fund and 401(k) Fund are "employee pension benefit plans" as that term is defined in 29 U.S.C. §1002(2)(A) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). The Health Fund, Retiree Health Fund, Local Training Fund, ITF, and VSE Fund are "employee welfare benefit plans" as that term is defined in 29 U.S.C. §1002(1) of ERISA.  Numerous employers pay fringe benefits to the National Pension Fund, Local Pension Fund, 401(k) Fund, Health Fund, Retiree Health Fund, Local Training Fund, ITF and VSE Fund, and these funds are "multiemployer plans" as that term is defined in 29 U.S.C.  §1002(37)(A) of ERISA. The Trustees of the National Pension Fund, Local Pension Fund, 401(k) Fund, Health Fund, Retiree Health Fund, Local Training Fund, ITF and VSE Fund have discretionary authority to control and manage these funds and are "fiduciaries" of the Trust Funds as that term is defined in 29 U.S.C. §1002(21)(A) of ERISA.

3.      The Management Fund is a trust fund created pursuant to a Trust Agreement and is governed by a board of trustees.  Employers signatory to collective bargaining agreements with the Union make monetary contributions to the Management Fund and the monetary contributions are used to promote and provide support services to the plumbing and pipefitting industries in Oregon, Southwest Washington and Northern California.

4.      The LMCT is a trust fund created pursuant to a trust agreement and governed by a board of trustees.  Employers signatory to or bound by collective bargaining agreements with the Union make monetary contributions to the LMCT and the monetary contributions are used to operate a labor-management cooperation committee consistent with the requirements of 29 U.S.C. §175a of the Labor-Management Relations Act ("LMRA").

5.      The Union is a labor organization with its principal office and place of business in Washington County, Oregon.

Page 3 – **COMPLAINT**

6.    Defendant is an Indiana corporation. At all times material to this proceeding (January 1, 2014 through December 31, 2017, and June 2018), defendant has been an "employer" as that term is defined in 29 U.S.C. §152(2) of the Labor-Management Relations Act ("LMRA") and 29 U.S.C. §1002(5) of ERISA and has been engaged in an "industry or activity affecting commerce" as that term is defined in 29 U.S.C. §§142(1) and (3) of the LMRA and 29 U.S.C. §1002(12) of ERISA.

## II

## <u>JURISDICTION</u>

7.    The Court has jurisdiction over the Claims for Relief  to the extent brought by the Trustees of the National Pension Fund, Local Pension Fund, 401(k) Fund, Health Fund, Retiree Health Fund, Local Training Fund, ITF and VSE Fund against defendant for violation of 29 U.S.C. §§1132 (a)(3) and 1145 of ERISA pursuant to the provisions of  29 U.S.C. §1132(e)(1) of ERISA.

8.    At all times material to this proceeding (January 1, 2014 through December 31, 2017, and June 2018), a written collective bargaining agreement existed between the Union and defendant.  The collective bargaining agreement covers employees in an industry affecting commerce, and the activities of defendant affect commerce.  The Court has jurisdiction over both Claims for Relief brought by each plaintiff against defendant pursuant to the provisions of 29 U.S.C. §185(a) of the LMRA.

///        ///

///        ///

///        ///

///        ///

Page 4 – **COMPLAINT**

## III

## JOINDER

9.     The obligations of defendant to plaintiffs arise out of the same collective

bargaining agreement.  Common questions of law and fact govern the claims that each plaintiff

has against defendant.

## IV

## FIRST CLAIM FOR RELIEF

10.     At all times material to this proceeding (January 1, 2014 through December 31,

2017, and June 2018), defendant has been bound by a written collective bargaining agreement

with the Union.  Under the terms of the collective bargaining agreement, defendant agreed to be

bound by the terms and conditions of the Trust Agreements that created the Trust Funds.

Defendant further agreed to pay fringe benefit contributions on behalf of its employees who

performed work covered by the collective bargaining agreement to the Trustees of the Trust

Funds, and to remit union dues to the Union.  Defendant further agreed to file its monthly

remittance report forms and to pay its monthly fringe benefit contributions and union dues to

plaintiffs by the 20th day of the month following the month in which the work is performed,

except that 401(k) contributions are due by the 10th day of the month following the month in

which the work is performed.

11.     The Trust Agreements that created the Trust Funds provide that, in the event an

employer fails to make a timely payment of fringe benefit contributions, the employer is liable

for the delinquent fringe benefit contributions, interest on the delinquent or late paid fringe

benefit contributions from the date each contribution became due until paid, and liquidated

damages.  For the Trust Funds, interest is calculated at 12% per annum from the due date, until

Page 5 – **COMPLAINT**

BROWNSTEIN RASK LLP
1200 SW Main St., Portland, OR 97205
503.221.1772 tel | 503.221.1074 fax

paid.  For the National Pension Fund, liquidated damages are assessed at 10% of the delinquent or late paid contributions.  For all Trust Funds other than the National Pension Fund, liquidated damages are assessed at 10% of the delinquent or late paid contributions, or $10 per month, whichever is greater.

12.    The collective bargaining agreement between the Union and defendant provides that the Union is entitled to recover the delinquent union dues, interest on the delinquent or late paid union dues from the date each payment became due until paid at the rate of nine percent per annum, and liquidated damages in an amount equal to 10% of the delinquent or late paid union dues.

13.    Plaintiffs conducted a payroll examination of defendant's books and records for the time period from January 2014 through December 2017 in order to determine whether defendant paid all required fringe benefit contributions and union dues to plaintiffs.

14.    Based on the results of the payroll examination, defendant owes the following amounts to plaintiffs: $157,473.45 in fringe benefit contributions and union dues; $15,855.89 in liquidated damages; and $21,148.72 in interest calculated through June 30, 2018, with interest continuing to accrue on the amount of the unpaid fringe benefit contributions ($150,027.30) at the rate of 12% per annum from July 1, 2018, through entry of judgment, and interest continuing to accrue on the amount of the unpaid union dues ($7,446.15) at the rate of 9% per annum from July 1, 2018, through entry of judgment.

15.    The Trust Agreements that created the Trust Funds provides that, in the event an employer fails to pay fringe benefit contributions and legal proceedings are instituted, the Trustees of Trust Funds are entitled to a reasonable attorneys' fee.  The Trustees of the Trust Funds are entitled to recover a reasonable attorneys' fee from defendant.

Page 6 – **COMPLAINT**

16.     The Trustees of the Trust Funds (except the Management Fund and LMCT) are also entitled to recover a reasonable attorneys' fee from defendant pursuant to the provisions of 29 U.S.C. §1132(g)(2)(D) of ERISA.

17.     The collective bargaining agreement between the Union and defendant provides that, in the event legal proceedings are instituted to recover delinquent union dues, the Union is entitled to recover a reasonable attorneys' fee.  Based on the provisions of the collective bargaining agreement, the Union is entitled to recover a reasonable attorneys' fee from defendant.

18.     The Trust Agreements that created the Trust Funds provide that, in the event a payroll examination of an employer's books and records is conducted and fringe benefit contributions are found due and owing, the Trust Funds are entitled to a reasonable payroll examination fee.

19.     The collective bargaining agreement between the Union and defendant provides that, in the event a payroll examination of an employer's books and records is conducted and union dues are found due and owing, the Union is entitled to a reasonable payroll examination fee.  Based on the terms of the collective bargaining agreement, the Union is entitled to recover a reasonable payroll examination fee from defendant.

20.     The Trustees of the Trust Funds (except the Management Fund and LMCT) are also entitled to recover a reasonable payroll examination fee from defendant pursuant to the provisions of 29 U.S.C. §1132(g)(2)(E) of ERISA.

///     ///

///     ///

///     ///

Page 7 – **COMPLAINT**

BROWNSTEIN RASK LLP
1200 SW Main St., Portland, OR 97205
503.221.1772 tel | 503.221.1074 fax

21.    To date, plaintiffs have incurred $9,350.00 in payroll examination fees related to the payroll examination process.  Defendant should be required to pay $9,350.00 in payroll examination fees to plaintiffs, together with any additional payroll examination fees that plaintiffs incur in this lawsuit.

**V**

**SECOND CLAIM FOR RELIEF**

22.    Plaintiffs (except the Trustees of the National Pension Fund and ITF) hereby reallege and incorporate by reference paragraphs 1 through 21 of their complaint as though fully set forth herein.

23.    Defendant failed to timely pay certain fringe benefit contributions and union dues for the months of April 2017, August 2017, November 2017 and June 2018. As a result, defendant owes $267,251.43 in interest and liquidated damages to all plaintiffs except the Trustees of the National Pension Fund and ITF.

24.    Plaintiffs (except for the Trustees of the National Pension Fund and ITF) are entitled to recover their reasonable attorneys' fees from defendant pursuant to the provisions of the Trust Agreements and collective bargaining agreement.

25.    Plaintiffs (except for the Management Fund, LMCT Union) are entitled to recover their reasonable attorneys' fees from defendant pursuant to the provisions of 29 U.S.C. §1132(g)(2)(D) of ERISA, and pursuant to the provisions of the Trust Agreements that created the Trust Funds.

///    ///

///    ///

///    ///

Page 8 – **COMPLAINT**

WHEREFORE, plaintiffs pray for a decree and judgment against defendant as follows:

1.      On the **First Claim for Relief**, requiring defendant to pay the following amounts to plaintiffs: $157,473.45 in fringe benefit contributions and union dues; $15,855.89 in liquidated damages; and $21,148.72 in interest calculated through June 30, 2018, with interest continuing to accrue on the amount of the unpaid fringe benefit contributions ($150,027.30) at the rate of 12% per annum from July 1, 2018, through entry of judgment, and interest continuing to accrue on the amount of the unpaid union dues ($7,446.15) at the rate of 9% per annum from July 1, 2018, through entry of judgment; plus $9,350.00 in payroll examination fees, together with any additional payroll examination fees that plaintiffs incur in this lawsuit;

2.      On the **Second Claim for Relief**, requiring defendant to pay $267,251.43 in interest and liquidated damages to all plaintiffs except the Trustees of the National Pension Fund and ITF;

3.      Providing that plaintiffs shall retain the right to conduct a future payroll examination of defendant's books and records (for any time period other than January 2014 through December 2017) in order to ensure that all required fringe benefit contributions and union dues have been paid; and further, in the event such future payroll examination reveals that delinquent fringe benefit contributions and/or dues are owed, providing that plaintiffs shall have the right to institute legal proceedings against defendant to recover the delinquent fringe benefit contributions and/or union dues found due and owing pursuant to the payroll examination report, together with liquidated damages, interest, payroll examination fees, attorney fees and court costs;

///      ///

///      ///

Page 9 – **COMPLAINT**

4.      Requiring defendant to pay plaintiffs' reasonable attorney fees;

5.      Requiring defendant to pay plaintiffs' costs and disbursements incurred herein;

and

6.      For such further equitable relief as the Court deems just and proper.

DATED this 8th day of November 2018.

BROWNSTEIN RASK, LLP


/s/ Cary R. Cadonau
Cary R. Cadonau, OSB #002245
Of Attorneys for Plaintiffs

Page 10 – **COMPLAINT**